NICOMEDES VÉLEZ ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1210. Argued May 16, 1940.—Decided June 17, 1940.

*V. Gutiérrez Franqui* for petitioners. *M. Cruz Horta* for plaintiff in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In an action of unlawful detainer at sufferance brought by Luis de la Cruz against Alberto Gordon and the petitioners herein, the District Court of San Juan rendered judgment against the defendants, stating that the latter had not appeared at the second hearing. On March 11, 1940, the defendants moved to set aside the judgment and that a day be set anew for the second hearing. At the hearing of such

motion, the defendants alleged that the lower court lacked jurisdiction because, although from the record it appeared that the defendant Alberto Gordon had been summoned on December 13, 1939, the fact was that said defendant had died on November 29, 1939, as shown by a death certificate which was exhibited with the motion.

After the hearing of said motions on March 21, 1940, the District Court of San Juan made an order "setting aside the judgment rendered on January 4, 1940, and reinstating the case to the same condition in which it was prior to the second hearing, and imposing costs on the defendants which shall include the sum of $25 as attorney's fees of the plaintiff, the second hearing of this case being set for April 1, 1940, at nine o'clock in the morning." The court reserved the jurisdictional question for decision after the holding of the second hearing set. The order reads thus:

"Regarding the motion based on a lack of jurisdiction, as the same concerns one of the defendants and as it had not been set for hearing on the day when the other two motions were argued, *a decision thereon is left pending* until after the holding of the second hearing set in this order, for it appears from the record that this defendant has been appearing jointly with the others, represented by counsel, and even appears in the motion objecting to the jurisdiction." (Italics ours.)

In the petition for certiorari filed in this Supreme Court, the petitioners allege that the lower court erred:

1. In imposing on the defendants the payment of costs and attorney's fees, notwithstanding the fact that the motion to set aside the judgment had been decided in their favor.

2. In making the pronouncement, *supra*, upon the motion for want of jurisdiction.

3. In not deciding the jurisdictional question on the ground that the defendant Alberto Gordon had appeared in the proceedings through counsel.

Only the first of the three questions thus raised may be considered in the present appeal. The second and third ques-

tions are not subject to review by this Supreme Court, inasmuch as according to the record the lower court, on April 8, 1940, rendered a decision declining to take jurisdiction as to the defendant Alberto Gordon and asserting its jurisdiction as regards the other defendants.

Section 327 of the Code of Civil Procedure, as amended by Act No. 69 of May 11, 1936 (Session Laws, p. 352), imposes on the trial court the duty to allow costs to "the party in whose favor any *final* judgment or resolution is rendered"; and it further provides that "in case any party shall have acted rashly, the court shall include in *its judgment* the payment of the fees of the attorney for the other party, stating in its judgment the amount of said fees, taking into account *the degree of guilt* in the litigation, and the work necessarily done by the attorney for the other party."

The lower court had no power under any provision of law to impose costs on the party in whose favor it had rendered an order setting aside the judgment.

The order appealed from must be reversed as to the imposition of costs and attorney's fees on the petitioners.